# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BURRIOLA,

    Petitioner,

vs.

STATE OF NEVADA,

    Respondent.

Case No. 3:14-cv-00601-RCJ-VPC

**ORDER**

    Petitioner has paid the filing fee.  Before the court is a document titled "Petition to Correct/Reverse an Illegal Sentence, And Correct Plain Error/Structural Error."  Petitioner is in custody pursuant to a judgment of conviction of a state court, and he is seeking relief from his prison sentence.  His sole federal remedy is through a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The court will construe the petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner challenges the validity of the judgment of conviction in State v. Burriola, Case No. 97C143171, in the Eighth Judicial District Court of the State of Nevada.  Petitioner was convicted of second-degree murder with the use of a deadly weapon.  Petitioner challenged the same judgment of conviction in Burriola v. Palmer, Case No. 3:06-cv-00059-PMP-RAM.  The court dismissed that action because it was untimely pursuant to 28 U.S.C. § 2244(d).  Petitioner appealed that dismissal.  Both this court and the Court of Appeals for the Ninth Circuit denied a certificate of appealability.  Petitioner then petitioned the Supreme Court of the United States for a writ of certiorari, and that was denied.

"[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner must first obtain authorization from the court of appeals before this court can consider his petition. 28 U.S.C. § 2244(b)(3).[1]

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve respondents with a copy of the petition and a copy of this order. No response by respondents is necessary.

IT IS FURTHER ORDERED that, pursuant to Circuit Rule 22-3(a), the clerk of the court shall refer this action to the United States Court of Appeals for the Ninth Circuit.

IT IS FURTHER ORDERED that the clerk of the court shall administratively close this action.

Dated:  June 2, 2015

_____
ROBERT C. JONES
United States District Judge

---

[1] This is not petitioner's first attempt to file a second or successive habeas corpus. He tried to pursue such a petition in Burriola v. Palmer, Case No. 3:10-cv-00357-LRH-VPC. Just as with this case, the court referred the matter to the court of appeals for a determination on authorizing petitioner to file a second or successive petition. Authorization was not given.